IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN HEIFNER                                                               PLAINTIFF

VS.                               CIVIL NO. 04-4150

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION           DEFENDANT

**MEMORANDUM OPINION**

John Heifner (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on July 19, 2001, alleging an onset date of July 2, 2001, due to amputation of his right leg above the knee. (Tr. 86-89, 120). An administrative hearing was held on May 1, 2003. (Tr. 254-301). On August 26, 2003, the Administrative Law Judge ("ALJ"), found that plaintiff was not disabled. Plaintiff appealed that decision, and on January 20, 2004, the Appeals Council granted plaintiff's request for review, and remanded the case for further administrative proceedings. (Tr. 72-75). A supplemental administrative hearing was held on June 8, 2004. (Tr. 302-367). Plaintiff was present and represented by counsel.

On August 31, 2004, the ALJ, found that plaintiff had severe impairments, but that those

impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 22). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity ("RFC"), to perform sedentary work, with significant limitations in his capacity for prolonged standing and walking. (Tr. 22). With the assistance of a vocational expert ("VE"), he determined that plaintiff could not perform his past relevant work as a logger, but could perform the positions of escort vehicle driver, loader for semi-conductor dyes, and telephone questionnaire clerk. (Tr. 23).

On October 13, 2004, the Appeals Council declined to review this decision. (Tr. 5-10). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 11-13).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

2

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevent him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in

AO72A
(Rev. 8/82)

light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to properly include plaintiff's intellectual abilities in his hypothetical question to the vocational expert ("VE"). The United States Court of Appeals for the Eighth Circuit has held that borderline intellectual functioning represents a significant nonexertional impairment that must be considered by a VE. *See Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997); *Lucy v. Chater,* 113 F.3d 905, 908 (8th Cir.1997) (same).

In the present case, we note that plaintiff was not referred for a consultative mental evaluation. Instead, he merely underwent a rehabilitation diagnosis and assessment with Arkansas Rehabilitation Services in Little Rock, Arkansas. (Tr. 194-197). After administering various psychological tests to plaintiff, Dr. J. Stephen Holt, a psychologist, determined that plaintiff was suffering from low average to borderline intellectual functioning. (Tr. 196). Test scores also revealed that plaintiff exhibited a borderline verbal-academic aptitude, borderline sight vocabulary and word recognition skills, low average visual-motor skills, an eighth grade reading level, a fifth grade math level, and a sixth grade spelling level. (Tr. 195). To Dr. Holt, this indicated that plaintiff would likely experience difficulty maintaining an adequate production level, if his position required more than simple academics. He also opined that plaintiff would experience difficulty reading advanced technical materials; difficulties requiring special instructional methods; difficulty with spelling tasks; difficulty relating to others, difficulty coping with the pressures for production; slow

4

learning of training/work tasks; limited training potential; feelings that cause him to avoid tasks involving people; an emotional intensity that may interfere with his task performance; and, a limited ability to benefit from standard classroom instruction. (Tr. 196). The ALJ, however, did not include these limitations in the hypothetical question he phrased to the VE. In fact, when plaintiff's counsel mentioned these limitations to the VE, the VE indicated that these impairments would prevent plaintiff from performing any positions that exist in significant numbers within the national economy. (Tr. 364-365). As there is no other information concerning plaintiff's mental impairments that would negate Dr. Holt's findings, we believe that remand is necessary to allow the ALJ to properly question the VE. In addition, given the fact that plaintiff has undergone only one mental evaluation, we recommend that the ALJ order a consultative mental evaluation to include academic and intellectual testing, so that the reliability of Dr. Holt's findings can be further assessed. *See Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir. 1998) (If a hypothetical question does not include all of the claimant's impairments, limitations, and restrictions, or it is otherwise inadequate, a VE's response cannot constitute substantial evidence to support a conclusion of no disability.").

Further, after reviewing the entire record, it appears that none of plaintiff's treating physicians have completed an RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of sedentary work, relied on an RFC assessment completed by a non-examining medical consultant. (Tr. 21-22). We note, that the opinion of a consulting physician who

5

examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Therefore, based on the current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

Plaintiff also raises an issue concerning the musculoskeletal listings that were applied to his impairments. He contends that the listings changed after he filed his application, but before the ALJ rendered a decision. When the ALJ rendered his decision, he allegedly utilized the listings in effect at that time, rather than those in place at the time plaintiff filed his application. Since plaintiff contends that this was error on the part of the ALJ, on remand, the ALJ is directed to address this issue, providing citations to the statutes and case law that support his determination regarding which regulations should be applied.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be

remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

       DATED this <u>15th</u> day of December 2005.

                                        <u>/s/ Bobby E. Shepherd</u>
                                        HONORABLE BOBBY E. SHEPHERD
                                        UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**